# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

SHIRLEY A. BULLINGTON,

        Plaintiff,

v.                                           CIVIL ACTION NO.  5:10-cv-00293

LOWE'S HOME CENTERS INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shirley Bullington, brings this personal injury premise liability action against Lowe's Home Centers, Inc., doing business as Lowe's of Beckley ("Lowe's") and two unidentified employees of Lowe's. The Court has reviewed Defendant *Lowe's Motion for Summary Judgment* (Document 25) and Defendant *Lowe's Renewed Motion for Summary Judgment* (Document 43). Upon consideration of the motions, memoranda and exhibits in support thereof and the entire record herein, the Court, for the reasons stated below, grants Defendant Lowe's motions.

### *I. FACTUAL AND PROCEDURAL HISTORY*

On October 29, 2007, Plaintiff, Shirley Bullington, at that time 72 years of age, and her friend, Jack C. Green, went to Lowe's Home Center in Beckley, West Virginia, to purchase a door knob latch. While searching for the item, Plaintiff fell and broke her right leg and ankle. During Plaintiff's deposition on October 13, 2010, Plaintiff testified that she does not remember how she

fell or what caused her fall. Although she could not recall seeing a staircase/ladder[1] prior to her fall, Plaintiff acknowledged that there was a ladder in the aisle and that paramedics later removed the ladder which was over her. She testified that this ladder was present in the aisle during her previous visit to the store, one day earlier, on October 28, 2007. She further testified that she is aware that there are similar ladders in every aisle at Lowe's. While she does not remember reaching through or behind the ladder to locate the door knob latch, she testified that she remembered finding the product, turning to yell to Mr. Green that she found it and immediately fell down.

Jack Green, during his deposition, testified that he was twenty feet away from Plaintiff examining store products on the right side of the aisle when he heard Plaintiff call his name. As he turned, he saw Plaintiff fall forward into the ladder, three-quarters away from the floor. He immediately ran to her aid. Although, Mr. Green testified that he did not know what happened to cause her fall, he saw that Plaintiff's legs were entangled over the bottom brace bar of the ladder. He noticed that her right foot was also wedged under the bar. Mr. Green described the bottom brace bar as being two to four inches off the floor. He testified that Plaintiff began to scream out in pain and that he moved her body so that he could attempt to get her foot away from under the ladder. After he pulled her foot free of the ladder, he noticed that her ankle fell over limp. Mr. Green went to the customer service desk in front of the aisle to report that his friend had fallen and asked a female employee to call an ambulance and Plaintiff's grandson.

Both Plaintiff and Mr. Green testified that Plaintiff's grandson arrived within ten or fifteen minutes, but that the ambulance did not arrive until thirty or forty minutes after her fall. Mr. Green

---

[1] The parties have used both staircase and ladder in the pleadings and other submissions. For consistency, the Court will refer to the structure as a ladder.

testified that he asked the female Lowe's employee to call the ambulance twice and she assured him that she had done so. Plaintiff testified that she laid in the floor of the aisle screaming out in pain while she awaited medical attention. The pair testified that at no point did any Lowe's employee try to speak with Plaintiff to see if she needed any assistance or water. However, a male and female employee did walk over to the area where Plaintiff was located on the floor and watched her, Mr. Green and her grandson.

Plaintiff testified that as a result of her injuries, she had to endure emergency surgery to reattach her foot, she was placed in a nursing home for physical therapy and she was required to learn how to walk anew. Additionally, Plaintiff testified that upon her release from the nursing home, she required the use of a walker and wheelchair. She also had to reside with her daughter because she could not live alone. Plaintiff asserted that her daughter had to build a ramp and shower for Plaintiff's use at her home. Since her accident, Plaintiff has not worked. She testified that her doctor advised against it, as precaution to further injury.

On October 28, 2009, Plaintiff initiated this action in the Circuit Court of Wyoming County. On February 24, 2010, Plaintiff amended her complaint to allege: that employees of Lowe's allowed a fifteen-foot, 250-pound mobile-steel staircase to remain unattended in its store which "forced any and all invited persons that were shopping for certain items to reach through, or engage" the metal staircase (Am. Compl. ¶ 9); that the metal staircase was not properly identified as a hazard to an invited person or segregated to an area of Lowe's maintained for employees only (*id.* ¶ 10); and that she was "forced to attempt to maneuver through or around said staircase" which resulted in her falling and sustaining specific, severe and permanent injuries to her right ankle and lower region of her leg (*id.* ¶¶ 11, 17). Plaintiff further alleges, among other things, that Lowe's and the unidentified

3

employees acted with negligence and willful and wanton misconduct in failing to: (1) foresee that an injury like the one she suffered would occur due to the failure to exercise reasonable care to prevent her injuries, (2) perform or implement an emergency medical response plan, and (3) acknowledge her injury or provide any form of aid or assistance to Plaintiff after several requests for such aid and assistance. (*Id.* ¶¶ 7-8, 12-13). Plaintiff seeks compensatory, general and punitive damages, pre-and post-judgment interest, costs and attorney fees and any other relief this Court deems just and proper. (*Id.* at 6).

Defendant removed the action to this Court on March 10, 2010, by invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The parties have engaged in discovery.[3] In the instant motions, Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to either motion.[4]

## II. STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a);

---

[2] There is no evidence in the record indicating that Plaintiff identified or served Defendants John and Jane Doe.

[3] On February 4, 2011, the Court granted Plaintiff's motion to substitute new counsel (Document No. 37) and entered the Third Amended Scheduling Order (Document No. 36) to afford Plaintiff's new counsel an opportunity to complete discovery and to respond to Defendant's pending dispositive motion. Defendant asserts that Plaintiff failed to make her initial disclosures or provide an expert witness report as contemplated by Rule 26 of the Federal Rules of Civil Procedure.

[4] Pursuant to the Third Amended Scheduling Order, Defendant renewed its motion for summary judgment relying in large part on the arguments and assertions made in its initial motion. The Court will give consideration to each motion herein.

*see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Rule 56 of the Federal Rules of Civil Procedure requires that,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Id*.

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after

adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex*, 477 U.S. at 322-23. If the nonmoving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

### III. DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiff has failed to present any evidence to support her premises liability claim. Specifically, Defendant asserts that Plaintiff's claim fails because the material facts are undisputed that: (1) she failed to present evidence that the ladder or any other alleged defect in its premises caused her injuries, (2) she had prior knowledge of the ladder located in the aisle in which she shopped, and (3) the ladder's presence was open, obvious and ordinary.

Defendant argues that the deposition testimony of both Plaintiff and Mr. Green demonstrates that neither of them has any idea what, if anything, caused Plaintiff's fall. Defendant contends that Plaintiff denied more than ten times that she knew what caused her to fall during her deposition. Mr. Green testified that he did not see Plaintiff fall and that he did not know the cause of her fall. Next, Defendant argues that even if this Court were to find that the ladder was the cause of her fall, Plaintiff's prior knowledge of the ladder precludes her claim. Defendant contends that Plaintiff testified that she is a frequent customer of the Beckley Lowe's, that it was not uncommon to see ladders located in the aisles, and that she shopped in the same aisle the day before the accident and

6

on that day, the ladder was in the same aisle. Finally, Defendant argues that summary judgment in its favor is appropriate because Plaintiff failed to exercise reasonable care to recognize the ladder, which was open and obvious.

In every action for damages resulting from injuries to the plaintiff which are alleged to have been inflicted by the negligence of the defendant, in West Virginia, "it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to [her]; (2) A negligent breach of that duty; (3) Injuries received thereby, resulting proximately from the breach of that duty."[5] *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939); *Senkus v. Moore*, 535 S.E.2d 724, 727 (W. Va. 2000); *see also Eichelberger v. United States*, No. Civ.A. 104CV45, 2006 WL 533399, * 3 (S.D. W. Va. Mar. 3, 2006). The Court in *Burdette* cited approvingly that "the duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like." *Burdette v. Burdette*, 127 S.E.2d 249, 252 (W. Va. 1962) (quoting 65 C.J.S. Negligence § 50.)[6] Premise owners or occupants are "not insurer[s] of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of actionable negligence or willful or wanton misconduct and no nuisance exists, [it] is not liable for injuries there sustained by such invited person." *Burdette*, 127 S.E.2d at 252. Furthermore, in West Virginia, an owner of premises is not liable for injuries

---

[5] A district court exercising diversity jurisdiction applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[6] There is no dispute that Plaintiff, on October 29, 2007, was an invitee at Lowe's when she entered the store to shop for a door knob latch–a purpose connected with the business conducted on the premise. Historically, there was a designation in tort law with respect to invitees, licensees and trespassers. However, in 1999, the Supreme Court of West Virginia abolished the common law distinction between licensees and invitees, in *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999). The *Mallet* Court concluded that landowners owe any non-trespassing entrant a duty of reasonable care under the circumstances. (*Id.* at 447-48.)

sustained as a result of dangers that are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner." (*Id.*)  This limitation of liability is so because "[a]n invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known or obvious dangers." (*Id.*); *McDonald v. Univ. of W. Va. Bd of Trustees*, 444 S.E.2d 57, 61 (W. Va. 1994) (explaining that "an owner of business premises is not legally responsible for every fall which occurs on his premises. He is only liable if he allows some hidden, unnatural condition to exist which precipitates the fall. He is not responsible if some small characteristic, commonly known to be a part of the nature of the premises, precipitates the fall."). Therefore, in order to establish a prima facie negligence claim in a slip and fall case, "the invitee must show (1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it." *McDonald*, 444 S.E.2d at 60 (citations omitted.)

In the first instance, Plaintiff has essentially alleged that Defendant was negligent in maintaining its premises and that negligence caused her injury. Unquestionably, Defendant, as an owner or occupant of premises used for business purposes, owes Plaintiff, a shopper within its store, a duty of reasonable care to keep and maintain its premises in a reasonably safe condition. *See Burdette*, 127 S.E.2d at 252. It is Plaintiff's burden to establish Defendant's negligence. As the non-moving party, Plaintiff must come forward with evidence demonstrating that a genuine dispute as to material fact exists. Plaintiff has failed to respond to Defendant's motions. However, based on the evidence submitted by Defendant–the deposition testimony of Plaintiff and Mr. Green and

a picture of the subject ladder–the Court finds that Defendant has sufficiently established that there are no genuine disputes as to any material fact.

Plaintiff must establish that she was injured by a dangerous or defective condition on Defendant's premises that was not open and obvious, of which Defendant had actual or constructive knowledge. The Court will assume for the purpose of this discussion that the ladder utilized by Defendant's employees is a dangerous or defective condition. Upon a review of the entirety of the deposition testimony presented, the record contains various statements by Plaintiff and Mr. Green that reveal that they are not sure how Plaintiff fell on October 29, 2007. In fact, Plaintiff was not able to recall any information regarding what caused her to fall or why she fell. She does not allege that the ladder moved into her path or walkway and that this caused her accident. Mr. Green testified that when he turned to see Plaintiff, she was three-quarters off the floor and that she fell forward into the ladder. However, Mr. Green could not explain why Plaintiff fell. Moreover, Plaintiff could not recall whether the product she picked up was behind or through the ladder. Giving the benefit of all reasonable inferences to Plaintiff, there is no evidence indicating whether the ladder was the cause of Plaintiff's accident.

While there is no evidence that Defendant was not aware of the ladder's placement in the aisle, the record is clear that Plaintiff had knowledge of the ladder, both on the day preceding her fall and, immediately prior to her fall, on the day of the accident. The uncontroverted fact is that the ladder was in plain view of Plaintiff and all other Lowe's shoppers. Both Mr. Green and Plaintiff testified in their deposition that they had frequently visited Lowe's stores and found that there are ladders on every aisle of the store. Plaintiff was in the aisle for several minutes before her fall. Therefore, it is reasonable to infer that she was, or reasonably should have been aware of its

presence.  Thus, the ladder was not a hidden danger or hazard.  On these facts, the ladder's placement appears to have been a common condition maintained on the premise.  There is no evidence before the Court that the mere placement or location of the ladder made the ladder an inherently dangerous or unsafe condition or that Defendant breached its duty to Plaintiff.  There is no evidence that the ladder rolled or moved in such a manner that it caused Plaintiff's fall.  Likewise, there is no evidence that the ladder was in the middle of the floor or Plaintiff's walkway at the time of her accident.  "Each person has a duty to look, and to look effectively, and to exercise ordinary care to avoid a hazard because if [s]he fails to do so and is injured, h[er] own negligence will defeat recovery of damages sustained." *Birdsell v. Monongahela Power Co.*, 382 S.E.2d 60, 62 (W. Va. 1989) (citations and internal quotation omitted).  On the undisputed facts presented in this instance, the Court cannot find that Defendant breached its duty to Plaintiff.

Therefore, the Court finds that no genuine dispute as to any material fact exists and that Defendant is entitled to summary judgment as a matter of law as to this claim.

## *IV. CONCLUSION*

For the reasons stated herein, the Court finds that Plaintiff has failed to show a genuine issue of material fact regarding her negligence claim.  Therefore, the Court does hereby **ORDER** that Defendant *Lowe's Motion for Summary Judgment* (Document 25) and Defendant *Lowe's Renewed Motion for Summary Judgment* (Document 43) be **GRANTED.**  Inasmuch as Defendant's motions did not address Plaintiff's claim for its failure to provide aid, the Court makes no finding thereon.  Finally, it appears from the record that Plaintiff has neither identified nor served the unnamed Defendants in this matter, Therefore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court does hereby **NOTIFY** Plaintiff that, absent a demonstration of good cause, her claims as

to the two unnamed Defendants will be dismissed without prejudice, **in ten (10) days**, for her failure to effectuate service and prosecute her claims.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 30, 2011

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA